838 F.2d 1215
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William George GOFORTH, Plaintiff-Appellant,
v.
Martha Layne COLLINS, et al., Defendants-Appellees.
 No. 87-5802.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr., and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Goforth, a pro se Kentucky state prisoner, appeals the district court's sua sponte dismissal of his 42 U.S.C. Sec. 1983 action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Challenging the constitutionality of retroactive application of Ky.Rev.Stat. Secs. 197.400--197.440 and Ky.Rev.Stat. Sec. 439.340(10), Goforth alleged that the statutes were tantamount to an unlawful ex post facto application of the law and could deny him due process and equal protection. Specifically, he felt that parole eligibility would be mandatorily denied because he refused to participate in the sexual treatment program established by the statutes; and furthermore, his refusal to participate might affect his pending habeas application. The district court dismissed the complaint as frivolous. 28 U.S.C. Sec. 1915(d).
 
 
 3
 Upon review, we decline to address the merits of Goforth's claims because they are not ripe for adjudication. See Buckley v. Valeo, 424 U.S. 1, 114 (1976) (per curiam); O'Shea v. Littleton, 414 U.S. 488, 493-94 (1974); Socialist Labor Party v. Gilligan, 406 U.S. 583, 588-89 (1972). The claims will be ripe, however, and review proper once the parole board renders a decision.
 
 
 4
 Accordingly, we hereby vacate the district court's judgment and remand this case for the district court to dismiss the case as premature and nonjusticiable. Rule 9(b)(6), Rules of the Sixth Circuit.